**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**DONNA K. PULSE,**

        Plaintiff,

**v.**
                                    **CIVIL ACTION NO.  3:12-CV-70
(JUDGE GROH)**

**PERRY SHANNON LAYNE,
individually and in his official
capacity; KENNETH LEMASTER;
Sheriff of Berkeley County, West
Virginia, in his official capacity;
and THE BERKELEY COUNTY,
WEST VIRGINIA SHERIFF'S
DEPARTMENT,**

        Defendants.

## MEMORANDUM OPINION AND ORDER GRANTING IN PART, AND DENYING IN PART, DEFENDANTS KENNETH LEMASTER AND THE BERKELEY COUNTY SHERIFF'S DEPARTMENT'S MOTION TO DISMISS, GRANTING PLAINTIFF'S MOTION TO AMEND, AND GRANTING IN PART, AND DENYING IN PART, WEST VIRGINIA COUNTIES GROUP SELF-INSURANCE RISK POOL'S MOTION TO INTERVENE

Pending before this Court are the Motions to Dismiss of Defendants Kenneth Lemaster and the Berkeley County Sheriff's Department [Doc. 10], filed on August 30, 2012, West Virginia Counties Group Self-Insurance Risk Pool's Motion to Intervene to Assert a Declaratory Judgment Complaint [Doc. 15], filed on September 21, 2012, and the Plaintiff's Motion to Amend Complaint [Doc. 17], filed on October 9, 2012.  These motions have since been fully briefed and are now ripe for decision.  Having reviewed the record and considered the arguments of the parties, this Court concludes that the Motion to Amend must be **GRANTED**, the Motion to Dismiss must be **GRANTED IN PART** and

**DENIED IN PART**, and the Motion to Intervene must be **GRANTED IN PART** and **DENIED IN PART**.

**BACKGROUND**

**I.    Factual Allegations**

The Plaintiff filed the instant Complaint on July 30, 2012.  The Plaintiff alleges that on July 31, 2010, she was "involved in a verbal altercation with a former family member" at a restaurant in Martinsburg, Berkeley County, West Virginia.  The Plaintiff contacted the Berkeley County Dispatch office and requested the presence of officers to resolve the issue.  Defendant Layne, a Berkeley County Sheriff's Deputy, responded to the scene and interviewed the Plaintiff.  Defendant Layne allegedly inquired as to the Plaintiff's name and place of residence.  In response, the Plaintiff provided a general area as to her residence, but not a specific address.

Following the aforementioned altercation, the Plaintiff returned home.  Hours later, at approximately 5:45 a.m., Defendant Layne allegedly appeared at the Plaintiff's residence.  The Plaintiff alleges Defendant Layne knocked on her door, proceeded into the apartment without the Plaintiff's consent when she opened the doorway, and took a seat on the Plaintiff's couch without invitation.

Defendant Layne allegedly requested and motioned for the Plaintiff to sit beside him on the couch.  Thereafter, Plaintiff alleges Defendant Layne made a series of unwanted and unsolicited sexual comments and advances toward her, which culminated in physical touching of a sexual nature.

The Plaintiff asserts that, fearful for her life, she begged Defendant Layne to leave

2

her residence. Eventuallty, the Plaintiff alleges Defendant Layne's advances were interrupted when she received a telephone call from her neighbor and she was able to get Defendant Layne to exit her residence.

However, Defendant Layne allegedly returned to the Plaintiff's residence minutes later. The Plaintiff once again demanded that Defendant Layne leave her residence. On his way out, Defendant Layne purportedly stated "you're not going to tell about what just happened here."

## II.  Procedural History

The Plaintiff filed the instant Complaint [Doc. 1] on July 20, 2012, alleging the following causes of action: (1) a 42 U.S.C. §1983 claim of unreasonable seizure in violation of the Fourth Amendment to the United States Constitution; (2) a 42 U.S.C. §1983 claim of violation of substantive due process under the Fourteenth Amendment to the United States Constitution; (3) assault; (4) battery; (5) false imprisonment; (6) outrage; (7) a 42 U.S.C. §1983 claim of negligent hiring; (8) a 42 U.S.C. §1983 claim of negligent retention; and (9) entitlement to attorney's fees pursuant to 42 U.S.C. §1988.

Defendant Layne filed an Answer and Counterclaim [Doc. 8] on August 30, 2012, asserting a counterclaim for malicious prosecution.

On August 30, 2012, Defendants Sheriff Lemaster and the Berkeley County Sheriff's Department filed a Motion to Dismiss, arguing that the Plaintiff's claims against Sheriff Lemaster in his official capacity and against the Berkeley County Sheriff's Department fail as a matter of law. Specifically, the Defendants argue that West Virginia law permits a local county commission/council, as the governing body for a county within the State of West Virginia, to sue or be sued, but does not contain a similar provision for a county sheriff's

department.   Moreover,  the  Defendants  argue  that  Sheriff  Lemaster  was  the  duly designated  final  decision  maker  for  the  Berkeley  County  Council,  and,  as  such,  the Plaintiff's claim against Sheriff Lemaster is effectively a claim against the Berkeley County Council.

On September 21, 2012, the West Virginia Counties Group Self-Insurance Risk Pool, Inc. ("WVCORP") filed a Motion to Intervene [Doc. 15] pursuant to Rule 24 of the Federal Rules of Civil Procedure to file a Complaint for Declaratory Judgment attached as an exhibit to its Motion.   WVCORP, which carries an insurance policy on behalf of the Berkeley County Council, seeks a declaratory judgment that it owes not duty to defend or indemnify Defendant Layne.   In its Motion to Intervene, WVCORP seeks to bifurcate the coverage issues involving Defendant Layne and stay any additional discovery against Defendant Layne until the coverage issues are decided.

On October 9, 2012, the Plaintiff filed a Motion to Amend Complaint [Doc. 17], in which the Plaintiff concedes that the Berkeley County Sheriff's Department is an improper governmental entity subject to suit under West Virginia law.  The Plaintiff accordingly seeks to amend her Complaint to substitute the Berkeley County Council for the Berkeley County Sheriff's Department as a party defendant.

## DISCUSSION

I.   **Jurisdiction**

The Plaintiff alleges that this Court has federal question jurisdiction over her §1983 claims pursuant to 28 U.S.C. §1331.  The Plaintiff furthermore alleges that this Court has supplemental jurisdiction over the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

II.    **Applicable Standards**

A.    **Motion to Dismiss**

In assessing a Rule 12(b)(6) motion for failure to state a claim, the court must accept the factual allegations contained in the complaint as true. ***Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.***, 910 F.2d 139, 143 (4th Cir. 1990). A complaint must be dismissed if it does not allege "enough facts to state a claim to relief that is plausible on its face." ***Bell Atl. Corp. v. Twombly***, 127 S. Ct. 1955, 1974 (2007). "Facial plausibility is established once the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" ***Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.***, 591 F.3d 250, 256 (4th Cir. 2009) (quoting ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009)).

"A complaint need only give 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" ***In re Mills***, 287 Fed.Appx. 273, 280 (4th Cir. 2008) (quoting FED. R. CIV. P. 8(a)(2)). "Specific facts are not necessary; the statement need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." ***Id.*** (internal quotations and citations omitted). "[T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancements." ***Ashcroft v. Iqbal***, 556 U.S. 662, 883-884 (2009) (internal quotations and citations omitted).

### B. Motion to Amend

Rule 15 provides that a party may amend a pleading after seeking leave of court, and that "the court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (citing *Conley v. Gibson*, 355 U.S. 41, 48 (1957); *Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999)). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would have been futile." *Laber*, 438 F.3d at 426-427 (citing *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986); *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

### C. Intervention of Right

Pursuant to Rule 24(a), "the court *must* permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." FED. R. CIV. P. 24(a) (emphasis added).

### D. Permissive Intervention

Pursuant to Rule 24(b), "the court *may* permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b)(1).

In determining whether permissive intervention is proper, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." FED. R. CIV. P. 24(b)(3). "Liberal intervention is desirable to dispose of as much of a controversy 'involving as many apparently concerned persons as is compatible with efficiency and due process.'" *Feller v. Brock*, 802 F.2d 722, 729 (4th Cir. 1986) (citing *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C. Cir. 1967)).

Furthermore, under West Virginia law[1], "[w]here [a] coverage question is separable from the issues in the underlying tort action, it should ordinarily be decided first, as it often may be dispositive of the personal injury litigation." *Christian v. Sizemore*, 383 S.E.2d 810, 814 (W. Va. 1989). "Permitting an adjudication of the respective rights and duties of the parties in the same proceeding as the underlying tort action . . . enhances judicial economy by avoiding multiple lawsuits and the possibility . . . of separate proceedings in different courts." *Id.* "Declaratory judgment . . . provides a prompt means of resolving policy coverage disputes so that the parties may know in advance of the personal injury trial whether coverage exists . . . [t]his facilitates the possibility of settlements and avoids potential future litigation as to whether the insurer was acting improperly in denying coverage." *Id.*

---

[1]

To the extent that this case involves an insurance contract entered into in West Virginia, it will require application of the substantive law of the State of West Virginia. *See M & S Partners v. Scottsdale Ins. Co.*, 277 Fed.Appx. 286, 289 (4th Cir. 2008) ("West Virginia courts generally use *lex loci delicti* to resolve choice of law conflicts . . . .").

III.    **Analysis**

A.    **Motion to Amend**

The Plaintiff concedes that she mistakenly named the Berkeley County Sheriff's Department as a party defendant, when the proper governmental entity under West Virginia law to sue or be sued is the Berkeley County Council.  Under 42 U.S.C. §1983, a local governing body is subject to a civil suit.  *Monell v. Department of Social Services*, 436 U.S. 658 (1978).  However, under West Virginia law, the local governing body for a county within the state is the county commission/council.  *See* W. Va. Code §7-1-1.  Article I of Chapter 7 of the West Virginia Code provides, in relevant part:

> The county [commission/council] . . . of every county within the State of West Virginia shall be a corporation by the name of . . ."The County [Commission/Council] of . . . . . . . . . . County," by which name it may sue or be sued, plead and be impleaded and contract and be contracted with.

W. Va. Code §7-1-1(a).    West Virginia law therefore authorizes a county commission/council to sue or be sued, but does not contain any similar provision for county sheriff's offices.  The Berkeley County Sheriff's Department has no status independent of the Sheriff in his official capacity which would permit that office to sue and be sued. Further, the Berkeley County Sheriff's Department is not a governing body of Berkeley County, nor is it a policy-making entity for the county.  "In the realm of county law enforcement," it is not the office of the sheriff but "the sheriff [who] is the duly delegated policy maker for the county."  *Revene v. Charles County Commissioners*, 882 F.2d 870, 874 (4th Cir. 1989).  Therefore, a claim against the office of the sheriff is "effectively a claim against the governing body of the County."  *Id.*

The Plaintiff argues that permitting her to substitute the Berkeley County Council as a party defendant in lieu of the Berkeley County Sheriff's Department would not prejudice Defendant Layne or Lemaster. The Plaintiff also argues that neither she nor her counsel has acted in bad faith. Finally, the Plaintiff argues that her proposed amendment is not futile because it would simply correct a misidentified party.

Defendants Lemaster and the Berkeley County Sheriff's Department assert that they do not object to the Plaintiff's motion to amend to the extent that it seeks to substitute the Berkeley County Council in place of the Berkeley County Sheriff's Department. Therefore, the Plaintiff's Motion to Amend is **GRANTED**.

## B.     Motion to Dismiss

Defendants Lemaster and the Berkeley County Sheriff's Department initially filed a joint motion to dismiss. However, in light of the Court's granting the Plaintiff's motion to amend her Complaint to substitute the Berkeley County Council as a party defendant in place of the Berkeley County Sheriff's Department, the Court only needs to consider the Defendants' motion to dismiss insofar as it pertains to Sheriff Lemaster in his official capacity.

Sheriff Lemaster, citing *Revene*, *supra*, argues that the Plaintiff's claim against the Sheriff in his official capacity is effectively a claim against the Berkeley County Council and, for that reason, the Plaintiff's Complaint as to the Sheriff should be dismissed.

The Plaintiff, on the other hand, argues that Sheriff Lemaster knew of Defendant Layne's history and reputation of improper conduct toward women before he made the decision to hire Defendant Layne as a law enforcement officer. The Plaintiff further argues

that Sheriff Lemaster subjected the female citizens of Berkeley County to a law enforcement officer whom the Sheriff knew had a propensity to mistreat women. Moreover, the Plaintiff alleges that Sheriff Lemaster received complaints about Defendant Layne's improper conduct toward women after he was hired as a Berkeley County deputy, but failed to take reasonable steps to protect women from constitutional violations committed by one of his officers. Thus, the Plaintiff argues that she has properly plead a claim against Sheriff Lemaster in his official capacity.

The Plaintiff also argues that in addition to Sheriff Lemaster's direct liability, there is vicarious liability against Defendant Layne's employer based upon the doctrine of *respondeat superior*, which liability is assertable either against Sheriff Lemaster in his official capacity or against the Berkeley County Council. The Plaintiff asserts that "[i]f the Berkeley County [Council] is added as a party and it concedes that it is Defendant Layne's employer then Plaintiff would pursue *respondeat superior* liability only against the County [Council]."

However, it is clear to the Court that the Plaintiff's §1983 claims against the Sheriff in his official capacity are essentially claims against the Berkeley County Council, and should, for that reason, be dismissed as duplicative.

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, generally represent only another way of pleading an action against an entity of which an officer is an agent. As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit agains the entity. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal

> assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*Kentucky v. Graham*, 473 U.S. 159, 165-166 (1985) (internal quotations and citations omitted). *See also **Love-Lane v. Martin***, 355 F.3d 766, 783 (4th Cir. 2004) ("district court correctly held that the §1983 action against [school superintendent] in his official capacity . . . is essentially a claim against the [board of education] and thus should be dismissed as duplicative."); ***Revene***, *supra* at 874 ("claim against sheriff . . . in his official capacity . . . effectively a claim against the governing body of the county.); ***Brandon v. Holt***, 469 U.S. 464, 473 (1985) ("a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents provided, of course, the public entity received notice and an opportunity to respond."). *See also **Webb v. Raleigh County Sheriff's Department***, 2010 WL 3702648 at *7 (S.D.W.Va. Sept. 16, 2010) ("an official capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

Moreover, a governmental entity and its officials sued in their official capacity may not be held liable for civil rights violations comitted by its employees pursuant to 42 U.S.C. §1983 under the theory of *respondeat superior. See **Riddick v. School Board of the City of Portsmouth***, 238 F.3d 518, 522-523 (4th Cir. 2000) ("a municipality cannot be held liable simply for employing a tortfeasor."); ***Spell v. McDaniel***, 824 F.2d 1380, 1385 (4th Cir. 1987) ("municipalities are not liable under *respondeat superior* principles for all constitutional violations of their employees simply because of the employment relationship."); ***Monell v. Department of Social Services***, 436 U.S. 658, 691 (1978) ("a municipality cannot be held liable under §1983 on a *respondeat superior* theory.").

Granted, an exception to this general rule exists where "the alleged injury was caused by an identifiable municipal policy or custom," **Riddick**, *supra* at 522, but that is a claim which, if applicable, may properly be asserted against the Berkeley County Council. Insofar as the Plaintiff's claim against Sheriff Lemaster in his official capacity is concerned, the Sheriff's Motion to Dismiss must be **GRANTED IN PART**, and **DENIED IN PART**. Sheriff Lemaster is dismissed as a party defendant to this action. The Berkeley County Council is hereby substituted for the Berkeley County Sheriff's Department as a party defendant.

### C.    Motion to Intervene

WVCORP asserts that Defendant Layne has sought a defense and indemnity from the allegations in the Complaint from WVCORP. WVCORP has thus far been providing a defense to Defendant Layne under a reservation of rights pursuant to the coverage contract between WVCORP and the Berkeley County Council.[2] WVCORP now disputes that the Plaintiff's claims are covered or that it owes Defendant Layne a duty to defend him in this matter "insofar as the Coverage Contract specifically excludes coverage for, among other things, 'Expected or Intended Injury,' 'Fraud and Dishonesty,' and 'Punitive Damages.'" WVCORP argues that under West Virginia law, the foregoing exclusions are valid and

---

[2]

In his Response to WVCORP's Motion to Intervene, Defendant Layne denies that WVCORP has been providing him a defense in this matter subject to a reservation of rights. However, WVCORP has attached to its Reply a letter dated August 23, 2012, addressed to Defendant Layne from WVCORP, which provides on page 4 that "[w]e reserve the right to withdraw our defense of you in this matter at any time it becomes apparent that there is no coverage available to you under the [WVCORP] contracts issued to Berkeley County Council." Therefore, the Court finds that WVCORP was defending Defendant Layne subject to a reservation of rights.

enforceable, citing *Horace Mann Ins. Co. v. Leeber*, 376 S.E.2d 581 (W. Va. 1988), and *State ex rel. State Auto Ins. Co. v. Risovich*, 511 S.E.2d 498 (W. Va. 1998). WVCORP accordingly argues that "in the interest of judicial economy and the expeditious resolution of all matters in contention," this Court should grant WVCORP leave to intervene in order to file its complaint for declaratory judgment.

The Defendant, in response, proceeds to make a series of arguments which are directed at the substance of WVCORP's proposed declaratory judgment complaint. To the extent that WVCORP's declaratory judgment complaint has not actually been filed yet, these arguments are premature. The only issues which are currently before the Court are WVCORP's motion to intervene and WVCORP's motion to stay further discovery against Defendant Layne pending the outcome of the coverage issues.

WVCORP has filed to intervene under both Rule 24(a)(2) and Rule 24(b)(1)(B). A would-be intervenor under Rule 24(a)(2) must satisfy four requirements: (1) the intervenor must submit a timely motion; (2) it must demonstrate a "direct and substantial interest" in the property or transaction; (3) it must prove that the interest would be impaired if the intervention was not allowed; and (4) it must establish that the interest is inadequately represented by existing parties. See *First Penn-Pacific Life Ins. Co. v. William R. Evans, Chartered*, 200 F.R.D. 532, 536 (D. Md. 2001) (citing *In re Richman*, 104 F.3d 654, 659 (4th Cir. 1997)). This Court finds all four elements to be met with regard to WVCORP. WVCORP's motion was timely, it has a substantial interest in the transaction due to its position as insurance carrier for the Berkeley County Council, its interest in not having to defend individuals who are not subject to coverage under its policy could be impaired if

intervention is not permitted, and its interest is inadequately represented by either the Plaintiff or Defendant Layne.

However, even if WVCORP did not qualify as an intervenor under Rule 24(a)(2), the Court finds that it would so qualify under Rule 24(b)(1)(B). "Permissive intervention" contemplates intervention upon timely application when an applicant "has a claim or defense that shares with the main action a common question of law or fact." In exercising its discretion to permit such intervention, "a court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." *See* FED. R.CIV. P. 24(b)(1)(B); *In re Sierra Club*, 945 F.2d 776, 779 (4th Cir. 1991).

WVCORP's motion to intervene clearly shares questions of fact in common with the Plaintiff's Complaint. Moreover, the Court does not find that simply permitting WVCORP to intervene will be prejudicial to either Defendant Layne or the Plaintiff. To the extent that Defendant Layne opposes WVCORP's complaint for declaratory judgment, that is a separate issue which can be addressed after the complaint is filed.

However, the Court does not find good cause to grant WVCORP's Motion to Stay Discovery. The coverage issue between WVCORP and Defendant Layne can be briefed and decided in enough time so as not to disturb the dates currently set in the Court's scheduling order. In addition, the Court has an interest in keeping this case on track as scheduled.

For the foregoing reasons, WVCORP's Motion to Intervene is hereby **GRANTED IN PART**, and **DENIED IN PART**. WVCORP is granted leave to intervene, but the Court does not find good cause to stay discovery.

14

## CONCLUSION

For the foregoing reasons, this Court concludes that the Plaintiff's Motion to Amend **[Doc. 17]** should be, and hereby is, **GRANTED**.  In addition, this Court concludes that Defendants Lemaster and the Berkeley County Sheriff's Department's Motion to Dismiss **[Doc. 10]** should be, and hereby is, **GRANTED IN PART** and **DENIED IN PART**.  Sheriff Lemaster is dismissed as a party defendant to this action, and the Berkeley County Council is substituted for the Berkeley County Sheriff's Department as a party defendant.  Finally, this Court concludes that WVCORP's Motion For Leave to Intervene **[Doc. 15]** should be, and hereby is, **GRANTED IN PART** and **DENIED IN PART**.  WVCORP has leave of court to file its declaratory judgment complaint, but the Court does not find good cause to stay discovery.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record and/or *pro se* parties.

**DATED:** January 11, 2013

GINA M. GROH
UNITED STATES DISTRICT JUDGE